GENERAL OUTLET CORPORATION
d/b/a Editions by Helen Z, Plaintiff,

v.

ACRONITE CORPORATION, Helen Zellermaier, Southern Jewelry Travelers Assn., Susan Fuller and Diane Goldsmith, Defendants.

No. 79 Civ. 579 (KTD).

United States District Court,
S. D. New York.

Feb. 7, 1979.

**270**

Wolder, Gross & Yavner, New York City, for plaintiff; Stanley J. Yavner, New York City, of counsel.

Shea, Gould, Climenko & Casey, New York City, for defendants; Thomas A. Andrews, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff, General Outlet Corporation has brought this action charging that defendants, Acronite Corporation, Helen Zellermaier, Susan Fuller and Diane Goldsmith, have infringed plaintiff's trademark "Editions By Helen Z" in violation of the Federal Trademark Laws, 15 U.S.C. § 1051, et seq.[1] Plaintiff also seeks to redress alleged acts of unfair competition, dilution of trademark under New York General Business Law § 368–d and breach of contract. On the instant motion, plaintiff seeks to preliminarily enjoin defendants' use of the name "Helen Zellermaier for Acronite" or any appellation confusingly similar to "Editions By Helen Z" in connection with the sale of jewelry or related goods and from competing unfairly with plaintiff by substituting and palming off its goods as those of plaintiff. Testimony was taken at a hearing on February 5, 1979. The following shall constitute my findings of fact and conclusions of law.

Defendant Helen Zellermaier is a designer of fine jewelry who was employed by plaintiff pursuant to a contract entered into on February 27, 1976. Plaintiff's Exhibit C. The contract provided for a term of employment until January, 1977 after which the parties could terminate it on sixty days' notice. In the absence of such notice, employment was to continue under the terms set forth in the contract. Mrs. Zellermaier's duties included managing "Editions By Helen Z" a division of plaintiff, designing jewelry, developing products and directing marketing.

During the course of her employment, Mrs. Zellermaier signed a consent for the use of her first name and last initial as a trademark with ownership thereof to be in plaintiff. Apparently Mrs. Zellermaier is known in the trade as Helen Zellermaier and Helen Z, interchangeably.

On November 13, 1978, Mrs. Zellermaier gave notice that she was going to terminate her employment with plaintiff. She thereafter entered the employ of defendant Acronite Corporation which is manufacturing a line of jewelry of a similar type to that sold by the plaintiff. The jewelry bears the name "Helen Zellermaier for Acronite." The other individual defendants are former employees of the plaintiff corporation who apparently left plaintiff and are presently associated with Mrs. Zellermaier.

Plaintiff claims that while still in its employ, Mrs. Zellermaier began her efforts on behalf of Acronite. Specifically, it is charged that she and the other individual defendants arranged to attend, as representatives of Acronite, the Southern Jewelry and Gift Show held under the auspices of defendant Southern Jewelry Travelers Association, Inc. Plaintiff also alleges that the individual defendants appropriated the space formerly allotted to the display of plaintiff's jewelry and thus excluded it from the Show. Although the space was re-allotted to plaintiff just prior to the Show's opening, plaintiff's president claims there was insufficient time to prepare therefor and thus, plaintiff had to forego attending. It appears that defendants did not display Mrs. Zellermaier's goods at the trade show either and, indeed, they were

---

1. Plaintiff specifically invokes 15 U.S.C. §§ 1114 and 1125 which sections prohibit the use of another's trademark or an imitation thereof in commerce without the registrant's consent, false designations of origin and false descriptions. This Court has jurisdiction over the matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(b).

under a temporary restraining order not to do so.[2]

All the parties agree that in order for a preliminary injunction to issue there must be a showing of irreparable injury, together with a likelihood that the moving party will succeed on the merits. *See Beechnut, Inc. v. Warner-Lambert Company*, 480 F.2d 801 (2d Cir. 1973). Moreover, in considering whether the movant will probably succeed on the merits, it is necessary to determine whether there is a likelihood that prospective purchasers of the goods will be confused as to their origin by the similar marks. *See generally Menley & James Laboratories v. Approved Pharmaceutical Corp.*, 438 F.Supp. 1061 (N.D.N.Y. 1977). This standard governs both the federal claims and the state claim of unfair competition. *Id.* Plaintiff has attempted to demonstrate the likelihood of confusion by testimony regarding the drop in sales it experienced between December 1978 and January 1979 when jewelry labeled "Helen Zellermaier for Acronite" first appeared in the market place. I find this a weak showing at best, since there are a number of alternative reasons for this depression, including plaintiff's own admission that this is its slowest sales period. Furthermore, I seriously doubt whether wholesale buyers exposed to the conflicting marks, nor the public in general, would be confused as to the source of the jewelry.[3] Goods sold under the label "Helen Zellermaier for Acronite" are clearly identified as to their source. This source is Acronite and not the plaintiff.

Plaintiff candidly admits that, by reason of Mrs. Zellermaier's consent and its trademark in the name "Editions by Helen Z", which it argues has achieved secondary meaning,[4] it had hoped to foreclose for all time the use by Mrs. Zellermaier of her name in connection with fine jewelry. Yet, the sweeping injunction which it seeks is in conflict with the well-established tendency of courts to respect an individual's right to build a business under his or her own name. *See Taylor Wine Co. v. Bully Hill Vineyards, Inc.*, 569 F.2d 731 (2d Cir. 1978). Nor is this a case where defendant has sold her business and goodwill to plaintiff, making a broad injunction tolerable. *See, e. g., Hanover Manufacturing Co., Inc. v. Ed Hanover Trailers, Inc.*, 160 U.S.P.Q. 633 (S.D.Texas 1968). On this motion all that has been shown is Mrs. Zellermaier's consent to the use of her first name and last initial in connection with the sale of plaintiff's jewelry. Surely this consent does not entitle plaintiff to prohibit all use of Mrs. Zellermaier's full name, especially where, as here, defendants' use has been tailored so that it is not confusingly similar to plaintiff's trademark.

Insofar as defendants' actions with respect to the Southern Trade Show may give rise to a claim of unfair competition or breach of contract, it would seem that plaintiff will be adequately compensated by the imposition of damages. Thus, an injunction is unwarranted. Furthermore, although plaintiff claims that "Helen Zellermaier for Acronite" has copied designs of plaintiff, the only testimony in this regard came from plaintiff's chief operating officer. No samples were offered so that I might compare the designs and I simply cannot conclude on the evidence proffered that such appropriation occurred. Finally, no evidence of trademark dilution or likelihood of injury to business reputation was offered on this hearing and there can thus be no basis for the entry of an injunction with respect to this claim.

The motion for a preliminary injunction, thus, is in all respects denied.

SO ORDERED.

---

2. See order dated February 2, 1979.

3. Indeed, there has been no showing that the general public knows "Helen Zellermaier" and "Helen Z" to be one and the same person and thus the likelihood of their being confused becomes even more remote.

4. At this juncture, I do not have sufficient proof to determine whether or not plaintiff's mark has achieved secondary meaning.